UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WHITFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:13-cv-391-AWI-MJS (PC)<br><br>ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS, AND REQUIRING PLAINTIFF TO PAY THE FILING FEE IN FULL WITHIN THIRTY DAYS<br><br>(ECF No. 4)<br><br>THIRTY DAY DEADLINE |

Plaintiff Michael Whitfield ("Plaintiff") is currently detained at the Fresno County Jail and is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on March 18, 2013. (ECF No. 1.) Plaintiff alleges that Defendants County of Fresno and LaFore have failed to provide Plaintiff proper access to law library materials and legal forms. Plaintiff appears to raise a claim under the First Amendment of the United States Constitution. Plaintiff seeks monetary relief. The case has yet to be screened pursuant to 28 U.S.C. § 1915A.

I.    **THREE STRIKES**

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff has filed three or more actions that have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

After careful review of the dismissal orders, the Court takes judicial notice that the following cases were dismissed for failing to state a claim: 1:02-cv-5613-OWW-SMS, Whitfield v. Armendez (E.D.Cal.) (dismissed for failure to state a claim on December 10, 2002); 1:11-cv-1130-SKO, Whitfield v. Greenman, et al. (E.D. Cal.) (dismissed for failure to state a claim on August 13, 2012); 1:11-cv-1375-SKO, Whitfield v. Tulp, et al. (E.D. Cal.) (dismissed for failure to state a claim on October 4, 2012); 1:11-cv-1243-DLB, Whitfield v. Downs, et al. (E.D. Cal.) (dismissed for failure to state a claim on December 13, 2012).

It appears to the Court that Plaintiff has three or more strikes and became subject to § 1915(g) well before Plaintiff filed this action on March 18, 2013. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless he was, at the time the Complaint was filed, under imminent danger of serious physical injury.

## II.     IMMINENT DANGER

The Court has reviewed Plaintiff's Complaint and, based on the allegations therein, finds that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he [imminent danger] exception applies if the

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." Andrews v. King, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

complaint makes a plausible allegation that the prisoner faced an "imminent danger of serious physical injury at the time of filing." <u>Andrews</u>, 493 F.3d at 1055.  The Ninth Circuit has found that "requiring a prisoner to 'allege [ ] an ongoing danger' ... is the most sensible way to interpret the imminency requirement." <u>Id.</u> (quoting <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998).  To meet his burden under Section 1915(g), the inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague or conclusory allegations of harm are insufficient." <u>White v. Colorado</u>, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Plaintiff alleges that in February 2013, Defendant LaFore denied Plaintiff's requests to access research kiosks and for pleading paper.  Defendant LaFore allegedly prevented Plaintiff from properly representing himself as a pro se litigant.  Defendant County of Fresno allegedly hired Defendant LaFore and should be held liable for her actions.

At no point does Plaintiff allege that he is currently facing imminent danger.  Plaintiff does not meet the imminent danger exemption.

## III. **CONCLUSION AND ORDER**

Because it appears that the Plaintiff has on three or more prior occasions brought civil actions that have been dismissed as frivolous or for failure to state a claim, the Court HEREBY ORDERS that Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the abovementioned actions do not count as "strikes" under 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to re-file with the submission of the $350.00 filing fee.

IT IS SO ORDERED.

Dated: May 29, 2013                /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE