# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WHITFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO, et al.<br><br>    Defendants. | **Case No. 1:13-cv-00391-LJO-MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF ACTION FOR FAILURE TO (1) PROVIDE A CURRENT ADDRESS and (2) OBEY A COURT ORDER TO PAY FILING FEE**<br><br>**(ECF No. 12)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Michael Whitfield, a former detainee at the Fresno County Jail, proceeds pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Court mail directed to Plaintiff at his address of record was returned undelivered on April 23, 2013. Plaintiff has not provided an updated address.

On May 30, 2013, the undersigned found that Plaintiff was not eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 because: he had had three or more earlier federal actions dismissed for failure to state a claim; he was subject to 28 § 1915(g); and, he was not under imminent danger of serious physical injury at the time the complaint was filed. (ECF No. 12.) Plaintiff was to pay the filing fee in full by August 16, 2013. (Id.) The May 30th order was returned to the Court as undeliverable.

1

"A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Local Rule 183(b). A pro se party has a duty to notify the Clerk and all other parties of any change of address. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective. Local Rule 182(f). Plaintiff has not provided the Court with his current address. Plaintiff has not paid the filing fee. Plaintiff has not obeyed the May 30, 2013 order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several

factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Having balanced these factors, the undersigned finds they weigh in favor of dismissal and accordingly HEREBY RECOMMENDS that this action be dismissed without prejudice based on Plaintiff's failure to provide a current address and obey the Court's order of May 30, 2013 that he pay the filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such

a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 29, 2013                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE